Rose Flynn, Appellant, v. Lucinda Van Kleek *et al.*

Specific Performance: CONTRACT WITH AGENT: FRAUD. Where an agent has authority simply ''to find a buyer'' for land, and gives another a refusal of it for a certain period (assuming that he did so), and within it the buyer makes the owner an offer which is refused with the statement that the land is sold and would not be sold to him at the price offered, in any event, and the offerer then calls on the agent, and, concealing the statement of the principal, contracts with said agent, specific performance will not be decreed.

*Appeal from Louisa District Court.*—HON. A. R. DEWEY, Judge.

WEDNESDAY, MAY 16, 1894.

LUCINDA and Wyatt Van Kleek, prior to February 8, 1892, had been husband and wife, and were divorced. Thomas Flynn is a son of the plaintiff, and Ed Van Kleek is a son of the defendants Lucinda and Wyatt Van Kleek. Prior to the eighth day of February, 1892, Lucinda Van Kleek was the owner of twenty-five acres of land, which is the subject of controversy in this suit. On the date aforesaid, a written contract of sale was made, whereby the land was sold by Lucinda Van Kleek to Rose Flynn for a consideration of seven hundred and fifty dollars. The terms of the contract were arranged, and it was signed by Thomas Flynn and Ed Van Kleek, each as agent for his mother. Near the same time, Lucinda Van Kleek made a sale of the land to Wyatt Van Kleek for eight hundred dollars, and made him a deed therefor. This action is to enforce a specific performance of the contract of sale signed by Thomas Flynn and Ed Van Kleek, upon averments that Ed Van Kleek was the agent of his mother, that the sale was valid, and that the sale to Wyatt Van Kleek was in fraud of plaintiff's rights. The answer puts in issue the facts pleaded, and charges fraud on the part of plaintiff in obtaining the contract of sale. The district court dismissed plaintiff's petition, and she appealed.—*Affirmed.*

*Molsberry & Van Dyke* for appellant.

*Gray & Tucker* for appellees.

GRANGER, C. J.—The eighth day of February, 1892, was Monday, and at that time the title to the land was in Lucinda Van Kleek. She had previously

authorized her son Ed to find her a purchaser.  On the morning of that day, Thomas Flynn, agent for his mother, went to the house of Lucinda Van Kleek, to buy the land, and made an offer of seven hundred dollars for it.  He was then told that the land was already sold, and was given to understand that, if it had not been sold, it would not be for the sum offered.  He then went to Ed, who was not present at the house of his mother, but was found at Columbus Junction, and the bargain was there made for the land, and the contract signed, and five dollars of the purchase price paid, which is now tendered back.

Appellant's contention as to the facts is that, on the Saturday before, Ed Van Kleek and Thomas Flynn, as agents for the parties, had agreed that plaintiff should have all of Monday to accept or decline the offer of Ed for the sale of the land at seven hundred and fifty dollars, and that on Monday the offer was accepted, and the contract made.  We need only say that the testimony is not such as to sustain appellant's contention.  It is in conflict, but the preponderance is with the defendants.  There is scarcely a doubt that, when Thomas Flynn left Mrs. Van Kleek's house on the eighth of February to go and see Ed Van Kleek, he knew that Mrs. Van Kleek did not intend to sell the land to his mother; and up to that time there surely was no binding obligation, for nothing more is claimed than that Ed gave a verbal refusal of the land until Monday night.  Looking to the testimony for the authority of Ed to contract for the sale of the land, we find no such authority to be satisfactorily established.  He was authorized "to find a buyer" for the land, in the sense that he could bring her a purchaser, but there is nothing to show that Mrs. Van Kleek ever understood that Ed was to conclude a contract by fixing specific terms of sale, except some statements by Thomas Flynn as to what Mrs. Van Kleek said on the morning of the

eighth of February.   Again, we are not so satisfied that there was an agreement between Thomas Flynn and Ed Van Kleek, on Saturday, that plaintiff should have a refusal of the land until Monday night, as that a decree for specific performance based on such agreement should be entered.   The fact appears quite satisfactorily, and it has support in Thomas Flynn's own testimony, that when he and Ed Van Kleek were together on Saturday Flynn was not in such a condition as to sobriety as to be able, or disposed, to make any agreement as to the land.   If there is not such an agreement, there is nothing on which plaintiff's cause can rest, even if, with the agreement concluded, a decree should be entered.   Decrees for specific performance are never entered on such a showing of facts or equities.   The judgment is AFFIRMED.